E-FILED
Tuesday, 24 May, 2016  03:59:32 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

NATAS REED,                          )
                                     )
    Petitioner,              )
                                     )
    v.                       )        No.  16-03133
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    Respondent.              )


## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Natas Reed's
Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28
U.S.C. § 2255  (d/e 1).  Under Rule 4(b) of the Rules Governing
Section 2255 Proceedings for the United States District Courts,
this Court must promptly examine the motion.  If it appears from
the motion, any attached exhibits, and the record of prior
proceedings that Petitioner is not entitled to relief, the Court must
dismiss the motion.  See Rules Governing Section 2255
Proceedings, 4(b).  A preliminary review of Petitioner's motion

shows that the Motion must be dismissed because Petitioner is not entitled to relief.

## I. BACKGROUND

In April 2013, Petitioner was charged with possession with intent to distribute cocaine base ("crack"). <u>United States v. Reed</u>, United States District Court, Central District of Illinois, Springfield Division Case No. 13-cr-30024 (hereinafter, Case No. 13-cr-30024), Indictment (d/e 1). Petitioner ultimately pleaded guilty pursuant to a written Plea Agreement. Case No. 13-cr-30024, Report and Recommendation on Plea of Guilty (d/e 28); November 19, 2013 Text Order accepting the guilty plea. In the Plea Agreement, Petitioner waived his right to appeal from the conviction and sentence and waived his right to bring a collateral attack. <u>See</u> Case No. 13-cr-30024, Plea Agreement, ¶¶ 23-25 (d/e 25).

Thereafter, the U.S. Probation Office prepared a Presentence Investigation Report (PSR). Case No. 13-cr-30024, PSR (d/e 32). The Probation Office determined that Petitioner qualified as a career offender under the U.S. Sentencing Guidelines because Petitioner had at least two prior convictions of either a crime of violence or a controlled substance offense. PSR ¶ 27, U.S.S.G.

§ 4B1.1(a).  Specifically, Petitioner had prior convictions for unlawful delivery of a controlled substance (Adams County Circuit Court, Case No. 2007-CF-654) and residential burglary and aggravated battery (Adams County Circuit Court, Case No. 2008-CF-566).  PSR ¶ 27.  The PSR reflected that, for the residential burglary conviction, Petitioner was charged with knowingly and without authority entering the dwelling of Otis Bias with intent to commit theft.  PSR ¶ 45.  Petitioner was also charged with committing a battery in a public place and knowingly causing bodily harm to the victim.  PSR ¶ 45.  Petitioner pleaded guilty to both counts.  Id.

Petitioner's designation as a career offender resulted in a total offense level of 29 after a three-level reduction for acceptance of responsible.  PSR ¶ 30.  Based upon a total offense level of 29 and a criminal history category of VI, the advisory guideline imprisonment range was 151 to 188 months.[1]  PSR ¶ 96.

In March 2014, the Court sentenced Petitioner to 110 months of imprisonment.  Petitioner did not file an appeal.

---

[1] Without the career offender designation, Petitioner would have had an offense level of 17 and a criminal history category of IV, resulting in an advisory guideline imprisonment range of 37 to 46 months.

On May 17, 2016, Petitioner filed his § 2255 Motion asserting that, under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), his prior burglary and aggravated battery convictions no longer qualify as crimes of violence under the guidelines and, therefore, he does not qualify as a career offender.

## II. ANALYSIS

A brief explanation of the Armed Career Criminal Act is necessary to put Petitioner's claim in context.  Generally, the penalty for the offense of Felon in Possession of a Firearm, 18 U.S.C. § 922(g), is up to 10 years' imprisonment.  18 U.S.C. § 924(a)(2).  However, if a defendant violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, the Armed Career Criminal Act increases the sentence to a term of imprisonment of not less than 15 years and up to life.  18 U.S.C. § 924(e)(1); <u>Johnson</u>, 135 S. Ct. at 2555.

The Act defines a violent felony as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or

    (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u> [.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). The underlined portion is referred to as the "residual clause." The other portions are referred to as the "elements clause" (18 U.S.C. § 924(e)(2)(B)(i)) and the "enumerated clause" (the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).

In <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act was impermissibly vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." The <u>Johnson</u> decision announced a new substantive rule of constitutional law that the Supreme Court has made retroactive on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016).

Petitioner asks the Court to apply the holding of <u>Johnson</u> to the career offender guideline, which contains an identically worded residual clause. Under the guidelines, a defendant qualifies as a career offender if the defendant was at least 18 years old when he

Page 5 of 10

committed the instant offense, the instant offense is either a crime

of violence or a controlled substance offense, and the defendant

has at least two prior felony convictions of either a crime of

violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  A

"crime of violence" is defined in the guidelines as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1)has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (emphasis added).  Like the Armed Career

Criminal Act, the career offender guideline contains an elements

clause (§ 4B1.2(a)(1)), an enumerated clause (§ 4B1.2(a)(2) (listing

burglary of a dwelling, arson, extortion, or involves the use of

explosives), and a residual clause (underlined above).

Whether the holding of Johnson applies to the career offender

guideline is an issue that is currently pending before the Seventh

Circuit.  See United States v. Rollins, 13-1731 (7th Cir. argued

Dec. 2, 2015); United States v. Hurlburt, 14-3611 (7th Cir. argued

Dec. 2, 2015); <u>United States v. Gillespie</u>, 15-1686 (7th Cir. argued
Dec. 2, 2015).  However, even if the holding of <u>Johnson</u> applies to
the career offender guideline, and, therefore, invalidates the career
offender residual clause, it is far from certain that <u>Johnson</u> would
apply retroactively on collateral review to offenders sentenced as
career offenders under the residual clause of the career offender
guideline.  <u>See</u>, <u>e.g.</u>, <u>Cummings v. United States</u>, 2016 WL 799267,
at *16 (E.D. Wis. Feb. 29, 2016) (concluding that Seventh Circuit
precedent barred the court from granting relief to a § 2255
petitioner sentenced under the residual clause of the career-
offender guideline).

Nonetheless, even assuming <u>Johnson</u> applies retroactively on
collateral review to defendants sentenced under the career offender
guideline, the record demonstrates Petitioner is not entitled to
relief for two reasons.

First, Petitioner waived his right to bring a collateral attack in
his Plea Agreement.  A defendant may validly waive the right to
collaterally attack his conviction or sentence as part of a valid plea
agreement.  <u>Keller v. United States</u>, 657 F.3d 675, 681 (7th Cir.
2011).  Courts generally uphold and enforce such waivers with

limited exceptions.  The limited exceptions include when the plea agreement was involuntary, the district court relied on a constitutionally impermissible factor at sentencing, the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel for performance directly related to negotiation of the plea agreement.  Keller, 657 F.3d at 681(citing Jones, 167 F.3d at 1144-45); see also DOJ Press Release, http://www.justice.gov/opa/pr/attorney-general-holder-announces-new-policy-enhance-justice-departments-commitment-suppoet (last visited May 23, 2016) (providing that the DOJ has instructed "prosecutors to decline to enforce waivers that have already been signed in cases where defense counsel provided ineffective assistance of counsel resulting in prejudice or where the defendant's ineffective assistance claim raises a serious issue that the court should resolve").  Petitioner's claim does not fall within any of these exceptions.

Second, Petitioner is not entitled to relief because none of his prior convictions qualified as a crime of violence under the residual clause of the career offender guideline.  Petitioner's residential burglary conviction qualified as a crime of violence under the

enumerated clause of the career offender guideline.  See U.S.S.G. §
4B1.2(a)(2) ("is a burglary of a dwelling").  Petitioner's aggravated
battery conviction qualified under the elements clause.  See
U.S.S.G. § 4B1.2(a)(1) ("has as an element the use, attempted use,
or threatened use of physical force against the person of another");
see also, e.g., Hill v. Werlinger, 695 F.3d 644, 649-50 (7th Cir.
2012) (holding that an aggravated battery conviction under the
first prong of the Illinois battery statute—"causes bodily harm to
an individual"—has as an element "the use, attempted, use, or
threatened use of physical force" such that the conviction qualifies
as a violent felony under the Armed Career Criminal Act).
Petitioner also had a prior conviction for a controlled substance
offense.  Consequently, because none of his prior convictions
qualified as a crime of violence under the residual clause,
Petitioner is not entitled to relief under Johnson even if the Court
assumes (without deciding) that Johnson applies retroactively on
collateral review to defendants sentenced under the career offender
guideline.

### III. CONCLUSION

Because it plainly appears from the Motion and the record of

the prior proceedings that Petitioner is not entitled to relief, the

Motion Under 28 U.S.C. § 2255 to Vacate Plea, Vacate, Set Aside,

or Correct Sentence by a Person in Federal Custody (d/e 1) is

SUMMARILY DISMISSED.  The Clerk is DIRECTED to notify

Petitioner of the dismissal.  Because Petitioner has not made a

substantial showing of the denial of a constitutional right, the

Court also denies a certificate of appealability under Rule 11(a) of

the Rules Governing Section 2255 Proceedings.  <u>See</u> 28 U.S.C. §

2253(c)(2).   This case is CLOSED.

**ENTER: May 23, 2016**

**FOR THE COURT:**

<u>      **s/Sue E. Myerscough**</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**